## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DONALD WAYNE PURVIANCE,

        Plaintiff,

v.                                     Case No.   6:19-cv-1805-Orl-18JRK

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

_____

## REPORT AND RECOMMENDATION[1]

### I. Status

      Donald Wayne Purviance ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of bipolar disorder, hypertension, "gastric bypass for morbid obesity," and scoliosis. See Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed November 18, 2019, at 59-60, 66-67, 76, 180 (capitalization and emphasis omitted). Plaintiff filed an application for DIB on October 4, 2017,[2] alleging an onset disability date

---

[1]     "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2]     Although actually completed on October 4, 2017, see Tr. at 159, the protective filing date of the application is listed elsewhere in the administrative transcript as October 3, 2017, see, e.g., Tr. at 59.

of April 10, 2014. Tr. at 159. The application was denied initially, Tr. at 59-65, 66-72,[3] 73, 74, 88-91, and upon reconsideration, Tr. at 75-85, 86, 87, 92-97.

On November 27, 2018, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 36-58. Plaintiff was fifty-two years old at the time of the hearing. See Tr. at 40 (indicating date of birth). The ALJ issued a Decision on April 2, 2019, finding Plaintiff not disabled through the date last insured. See Tr. at 22-30.

On July 17, 2019, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On September 17, 2019, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff makes the following argument: "Substantial evidence does not support [the ALJ's] findings of fact with regard to Plaintiff['s] . . . residual functional capacity [('RFC'),] and the ALJ's failure to apply the [Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ('Grids')] to find Plaintiff disabled was error as a matter of law." Plaintiff's Memorandum of Law (Doc. No. 15; "Pl.'s Mem."), filed January 21, 2020, at 3 (capitalization and emphasis omitted). In making this argument, Plaintiff relies on Dr. Karen Marrero's opinions. See Pl.'s Mem. at 13-14.[4] On March 19, 2020, Defendant filed a

---

[3]     It appears Plaintiff's application was denied at the initial level on two occasions: on December 27, 2017, see Tr. at 59-65, and on February 16, 2018, see Tr. at 66-72. The February 2018 denial addresses additional medical evidence from 2018 that was not available at the time of the December 2017 determination. See Tr. at 67-69.

[4]     Dr. Marrero conducted a medical evaluation of Plaintiff on May 31, 2018 at the request of the Division of Disability Determinations. See Tr. at 453-55.

Memorandum in Support of the Commissioner's Decision (Doc. No. 16; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 24-29. At step one, the ALJ determined that Plaintiff "did not engage in [substantial gainful activity] from his alleged onset date of April 10, 2014 through the [date] last insured of December 31, 2018." Tr. at 24 (emphasis and citation omitted). At step two, the ALJ found that "[t]hrough the date last insured, [Plaintiff] had the following severe impairments: bipolar disorder and obesity." Tr. at 24 (emphasis and citation omitted). At step three, the ALJ ascertained that

---

[5]       "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

"[t]hrough the date last insured, [Plaintiff] had no impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 25 (emphasis and citation omitted).

The ALJ determined that Plaintiff had the following RFC through the date last insured:

> [Plaintiff could] perform light work as defined in 20 [C.F.R. §] 404.1567(c)[6] except avoid: constant pushing and pulling with his upper extremities, overhead reaching bilaterally, working at heights, and work with dangerous machinery and dangerous tools; work tasks should be simple, repetitive, and learned within [thirty] days; tasks should be performed independently at his workstation, with no interaction with the public, and on[l]y occasional interaction with supervisors and coworkers.

Tr. at 26 (emphasis omitted). Later in the Decision, the ALJ stated that "[p]ost-hearing, with further review of all of the evidence, [she found that Plaintiff could] perform work at the medium exertional level, with the remaining terms of the above RFC." Tr. at 26-27.

At step four, the ALJ found that "[t]hrough the date last insured, [Plaintiff] was unable to perform any past relevant work . . . ." Tr. at 28 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("52 years old . . . on the date last insured"),[7] education ("at least a high school education"), work experience, and RFC, the ALJ relied on the testimony of the VE and found that "[t]hrough the date last insured, . . . there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," Tr. at 28 (emphasis and citation omitted),

---

[6]     The Regulation the ALJ cited, 20 C.F.R. § 404.1567(c), defines "medium work." It appears that this was a typographical error and that the ALJ was referring to light work as defined in 20 C.F.R. § 404.1567(b).

[7]     Although the ALJ correctly found that Plaintiff was fifty-two years old on the date last insured, the ALJ then mistakenly stated that Plaintiff was "a younger individual age 18-49, on the date last insured." Tr. at 28. This error does not change the undersigned's recommendation.

such as "marker," "router," and "silver wrapper," Tr. at 29. The ALJ concluded that Plaintiff "was not under a disability . . . at any time from April 10, 2014, the alleged onset date, through December 31, 2018, the date last insured." Tr. at 29 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted above, Plaintiff takes issue with the ALJ's RFC determination and election not to apply the Grids. In making his arguments, Plaintiff relies on the medical opinions of Dr. Marrero. The undersigned initially summarizes the parties' arguments. Then, the applicable law is set out and the issues raised by Plaintiff are addressed.

### A. Parties' Arguments

Plaintiff contends that "[t]here are two opinions in [Dr. Marrero's] findings which preclude finding a[n RFC] for light work." Pl.'s Mem. at 14. According to Plaintiff, Dr. Marrero opined that: 1) "[P]laintiff [could] only work within the range of [six] to [eight] hours per day; and, that to accomplish that, he would need frequent breaks over the course of the workday"; and 2) "[P]laintiff would only have the mental acuity for six hours out of an eight[-]hour workday." Id. Thus, argues Plaintiff, "to maintain employment eight hours a day . . . , [P]laintiff would be restricted to sedentary work." Id. Plaintiff asserts that an RFC restricting him to sedentary work would have required a finding of disability under the Grids. Id. at 15.

Responding, Defendant contends that in formulating the RFC, the ALJ considered the objective medical evidence, Dr. Marrero's opinions, Plaintiff's activities of daily living, and lay evidence. Def.'s Mem. at 7-9. Defendant asserts that "Plaintiff's argument is unavailing because Dr. Marrero opined that Plaintiff could sit, stand, and walk up to [eight] hours of an [eight]-hour workday." Id. at 6 (citation omitted). Defendant states that "[t]he full range of light work requires standing or walking, off and on, for a total of approximately [six] hours of an [eight]-hour workday, while sitting may occur intermittently during the remaining time." Id. (citation omitted). According to Defendant, "the VE testified that each

of the jobs the ALJ found Plaintiff could perform permitted the option to sit or stand at will." Id. (citation omitted). Further, Defendant contends that "[i]n evaluating claims filed on or after March 27, 2017, such as Plaintiff's claim . . . , the agency 'will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . .'" Id. at 8 (citing 20 C.F.R. § 404.1520c(a)).

**B. Applicable Law**

### 1. RFC

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

### 2. Medical Opinions

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844-01, 5,844 (Jan. 18, 2017). Because Plaintiff filed his claim after that date, the undersigned applies the revised rules and Regulations in effect at the time of the ALJ's Decision.

Under the new rules and Regulations, an ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[8] The following factors are relevant in determining the weight to be given to a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. Id. However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).

When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. § 404.1520c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the

---

[8]        "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources").

medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." Id.

## C. Dr. Marrero's Opinions / ALJ's Decision / Analysis

As noted, Dr. Marrero evaluated Plaintiff on May 31, 2018. See Tr. at 453-55. Dr. Marrero made the following evaluation findings. Plaintiff's gait was non-antalgic, but Plaintiff had "[m]ild dextro-scoliosis with paravertebral spasms . . . over the upper lumbar spine." Tr. at 455. Plaintiff had full range of motion; he was able to squat; he had no joint swelling, tenderness, or warmth; and he had no clubbing, cyanosis, or edema. Tr. at 455. Dr. Marrero noted a negative straight leg raise test. Tr. at 455.

In addition, Dr. Marrero opined Plaintiff is "expected to bend, stand, walk, sit, carry, handle objects, hear, speak, write, and travel six to eight hours out of an eight-hour workday with frequent breaks." Tr. at 455. She also opined that "[w]ork-related mental activities [are] expected to be performed six hours out of an eight-hour workday." Tr. at 455.

As noted, the ALJ's RFC determination limited Plaintiff to light work with additional limitations. Tr. at 26. The ALJ also found that Plaintiff could perform medium work with the additional limitations set out in the RFC. Tr. at 26-27. After reviewing the ALJ's Decision as a whole and considering the entire administrative transcript, the undersigned finds that the ALJ's RFC determination is supported by substantial evidence.

In formulating the RFC, the ALJ discussed the medical evidence of record, including Dr. Marrero's findings and opinions. See Tr. at 27-28. The ALJ found that the medical record "shows mainly normal mental status and physical exams . . . ." Tr. at 28; see also Tr. at 24 (finding Plaintiff "reported scoliosis as mild, and exams show normal gait, with full

strength, and full range of motion" (citations omitted)); Tr. at 417 (August 28, 2017 progress note indicating Plaintiff reported mild scoliosis); Tr. at 433 (January 30, 2018 progress note indicating that Plaintiff had normal gait, station, range of motion, and muscle strength and that Plaintiff had no deformities; no tenderness to palpation; no instability, dislocation, or laxity of ligaments; and "no clubbing and no cyanosis of fingers, toes, fingernails and toenails"); Tr. at 450-52 (May 31, 2018 examination note indicating Plaintiff had full range of motion and a non-antalgic gait). As to Dr. Marrero in particular, the ALJ summarized the physician's findings and opinions and found that her opinions were "persuasive." Tr. at 27-28.

Contrary to Plaintiff's assertion, Dr. Marrero's opinions regarding Plaintiff's physical and mental abilities are consistent with the ALJ's RFC determination. "[L]ight work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Freeman v. Barnhart, 220 F. App'x 957, 960 (11th Cir. 2007) (quoting SSR 83-10, 1983 WL 31251, at *6). "Sitting may occur intermittently during the remaining time." SSR 83-10, 1983 WL 31251, at *6. Dr. Marrero's opinions that Plaintiff could stand and walk "six to eight hours out of an eight-hour workday with frequent breaks" and could perform "[w]ork-related mental activities . . . six hours out of an eight-hour workday," Tr. at 455, are consistent with the SSA's definition of light work. In any event, Dr. Marrero's opinions are not entitled to any specific evidentiary weight. See 20 C.F.R. § 404.1520c(a). In addition, the VE testified that the jobs of marker, router, and silver wrapper (the jobs the ALJ found Plaintiff could perform, Tr. at 29), allowed for "sitting and standing at will" and that an individual performing these jobs "would have plenty of opportunities to sit or stand . . . ." Tr. at 54. Plaintiff does not point to any other evidence in the record to support his assertion

that he is unable to perform light work, and the undersigned finds that the ALJ's RFC determination is supported by substantial evidence.

Given this finding, the ALJ did not err in electing not to apply the Grids for sedentary work.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**RECOMMENDED**:

1.     That the Clerk of Court be directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2.     That the Clerk be further directed to close the file.

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on June 19, 2020.

*James R. Klindt*
**JAMES R. KLINDT**
United States Magistrate Judge

bhc
Copies to:

Honorable G. Kendall Sharp
United States District Judge

Counsel of Record